(35 South. 266.)

No. 14,772.

### GAMMAGE v. MAHAFFEY et al.

(Nov. 3, 1903.)

FALSE IMPRISONMENT—WHEN ACTION LIES.

1. The fact that the minutes of a mayor's court fail to show exactly what sentence was intended and understood to be imposed, affords no sufficient reason for inflicting damages upon that officer and upon the town marshal for the execution of such sentence, where it appears that it might lawfully have been imposed, and that it was executed in good faith and without malice.

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Edmund Denis Miller, Judge.

Action by D. Y. Gammage against T. C. Mahaffey and others. Judgment for defendants, and plaintiff appeals. Affirmed.

S. D. Read and Morris Reese Stewart, for appellant. Cline & Cline, for appellees.

MONROE, J. The plaintiff alleges that Thomas C. Mahaffey and L. A. Woodworth, assuming, respectively, to act as mayor and marshal of the town of Jennings, maliciously conspired together for the purpose of injuring him, and, falsely pretending to possess the authority to control his person, arrested and incarcerated him in the jail of said town, and there detained him for three days and nights, though in truth and in fact they were without legal authority so to do, and that he was thereby damaged, in health, fortune, business, reputation, and feelings, in a sum aggregating $14,000, for which amount he prays judgment against the defendants in solido.

Defendants deny the allegations of the petition, save as admitted. They admit that on May 21, 1902, the plaintiff was imprisoned in the calaboose of Jennings, but allege that in imprisoning him they acted without malice and in the discharge of their official duties, the one acting as mayor, and the other, as a duly authorized policeman,

and that they cannot be held liable in this action.

It appears from the evidence that upon May 16, 1902, the plaintiff was arrested upon a charge of selling liquor without a license, in violation of Town Ordinance No. 100, which reads: "That it shall be unlawful for any person or persons to keep open, keep, or conduct, within the corporate limits of the said town, any tippling shop, dramshop, or saloon, in which intoxicating liquors shall be sold or given away." Section 2: "That any person violating this ordinance shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined not to exceed $100, or imprisoned in the town jail, not to exceed thirty days, or both, at the discretion of the mayor."

The charge was heard upon May 17th, and the defendant (plaintiff herein) was found guilty and sentenced to pay a fine of $100 and costs; and he was given the choice of paying the fine or going to jail, unless he should take a suspensive appeal. He thereupon moved for a suspensive and devolutive appeal, and he was allowed to go out in search of a surety, with the understanding that he was to return within the course of the afternoon. Instead of returning, he left the town, and did not again appear until the following Monday, May 19th, when he produced Mr. S. E. Renshaw as his surety. It appears from the oral testimony, which is at variance with the minutes in that respect, that there were then two bonds, the one for $200, and the other for $51, presented to and signed by the surety. The plaintiff thereafter made some inquiry, and reached the conclusion that the giving of the two bonds was not required; and, after consultation between him and his surety, the latter upon May 21st surrendered him, and both bonds were canceled. The plaintiff was then paroled, in order that he might get another surety, but the marshal was instructed to keep an eye on, and arrest him in case he attempted to leave town without doing so. And he was subsequently arrested on the street and locked up, and, after remaining in prison for two or three days, he was released by the district court on a writ of habeas corpus.

It also appears that the plaintiff had twice before been arrested for selling liquor without license, and that he subsequently suffered imprisonment for six months upon similar charges, rather than pay the fines imposed; and it does not appear that either his feelings, his business, or his character are likely to have suffered by reason of the imprisonment of which he now complains. Nor does it appear that the defendants were actuated by malice. On the contrary, it is evident that the mayor was disposed to extend to the plaintiff every proper indulgence. The difficulty, and this suit, arise from the fact that the mayor's judgment, as we believe he intended, and the plaintiff understood, it, was not so entered upon the minutes, from which it appears merely that the defendant was fined $100 and costs. Under the ordinance, however, it was competent for the mayor to have imposed a sentence of fine or imprisonment, or both fine and imprisonment, and we think it reasonably certain that the plaintiff understood that he was to pay the fine imposed, or suffer imprisonment, unless he appealed and gave bond.

The minutes of the mayor's court do not show all this, but neither do they show that two bonds were given. On the contrary, they show that one bond (for a suspensive appeal) was filed on May 17th, when, in point of fact, no bond was signed by the surety until May 19th, and he then signed two bonds. And they show that the plaintiff was brought before the court on May 22d and sentenced to imprisonment, which was not the case. This irregularity in the keeping of the minutes is, no doubt, to be regretted, but the mayor's court is not a court of record; and the failure of the minutes to show what sentence was really intended by the mayor and understood by the plaintiff affords no reason for mulcting the mayor and marshal in damages for executing such sentence in good faith.

The judgment appealed from is therefore affirmed.